**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Christina Woodruff, | Case No. 17-18780 |
| | Hon. Timothy A. Barnes |
| Debtor. | |

**OBJECTION OF WHEELER FINANCIAL, INC. TO**
**CHAPTER 13 PLAN**

Wheeler Financial, Inc. ("***Wheeler***") hereby objections (the "***Objection***") to the *Chapter 13 Plan* [Dkt. No. 106] (the "***Plan***") filed by Christina Woodruff, the above-captioned debtor (the "***Debtor***"), and respectfully states as follows:

The Plan has two fatal defects.  <u>First</u>, the Plan purports to pay the Cook County Treasurer for unpaid property taxes that were either purchased or paid by Wheeler.  <u>Second</u>, the Redemption Period on the taxes purchased by Wheeler expired before the bankruptcy case was filed.  As such, the amount of Wheeler's claim is the full value of the Property, not the amount of the unpaid taxes. For these reasons, the Court must deny confirmation of the Plan.

**Background**

**A.  The Tax Sale**

1.     The Debtor owns the real property located at 14100 West Laramie Court, Crestwood, Illinois 60445, Permanent Real Estate Number 28-04-308-021-000 (the "***Property***").

2.     Prior to the Debtor's bankruptcy filing, the Debtor failed to pay the property taxes owing to Cook County for the Property for the 2012 tax year in the amount of $8,108.73 (the "***2012 Taxes***").

3.      On August 4, 2014, Wheeler purchased the delinquent 2012 Taxes at the Cook County Collector's annual tax sale (the "***Tax Sale***") and received a Certificate of Purchase (the "***Certificate***") to memorialize the Tax Sale.[1]

4.      Upon purchasing the 2012 Taxes, Wheeler obtained a tax lien secured by the Property.  *See* 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

5.      Prior to this bankruptcy filing, the Debtor also failed to pay the first and second installments of property taxes for tax years 2013, 2014, and 2015 (collectively, the "***Subsequent Taxes***").  Wheeler paid the Subsequent Taxes in accordance with the Property Tax Code.

6.      Pursuant to 35 ILCS 200/21-350, the Debtor or any other person with an interest in the Property was entitled to redeem the 2012 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by Wheeler plus interest and various costs and fees at any time (the "***Tax Claim***") until two years and six months from the date of the initial tax sale, or by February 15, 2017 (the "***Redemption Period***").  Wheeler extended the Redemption Period until May 12, 2017, pursuant to 35 ILCS 200/21-385.

7.      Pursuant to 35 ILCS 200/22-30, on November 16, 2016, Wheeler filed a Petition for tax deed in the Circuit Court of Cook County which was identified as case number 2016 CoTD 4994 (the "***State Court Action***").  Thereafter, and pursuant to 35 ILCS 200/22-15, Wheeler timely provided notice of the expiration date of the Redemption Period to the Debtor and all persons with an interest in the Property.  Copies of the Petition, the statutory notices and proof of service are attached hereto as Group Exhibit B.

---

[1] The amount of the Tax sale was $10,255.22, which includes statutory interest on the 2012 Taxes and selling fees.

8.      Neither the Debtor nor any other party timely exercised its respective right to redeem the 2012 Taxes.

**B.  The Bankruptcy Case**

    **a.  Chapter 7 Case**

9.      On June 21, 2017 (the "Petition Date"), the Debtor filed the above-captioned bankruptcy case under chapter 7 of the Bankruptcy Code. [2]  The case was filed after expiration of the Redemption Period.

10.     Alex Moglia was the duly-appointed chapter 7 trustee of the bankruptcy case (the "*Chapter 7 Trustee*").

11.     Wheeler filed a proof of claim in the bankruptcy case [Claim No. 7-1] (the "*Wheeler Proof of Claim*"), which indicated that it had purchased the 2012 Taxes on the Property and had paid the subsequent 2013, 2014, and 2015 taxes on the Property.

12.     The Cook County Treasurer also filed a proof of claim [Claim No. 8-1] (the "*Treasurer Proof of Claim*") for property taxes that had accrued and were unpaid for tax years 2016 and 2017 (the "*2016 and 2017 Taxes*").

13.     On July 17, 2017, Wheeler moved for relief from the automatic stay to continue prosecuting the State Court Action and obtain a tax deed to the Property [Dkt. No. 21] (the "*Stay Relief Motion*").

14.     In the Stay Relief Motion, Wheeler argued that, because the Redemption Period expired prior to the Petition Date, the bankruptcy estate had no interest in the Property.  Under the reasoning set forth in *In re Bates,* 270 B.R. 455, 460-70 (Bankr. N.D. Ill. 2001), and *Lamont,* 740

---

[2] The Debtor has actually filed two chapter 7 bankruptcy cases.  The first case was filed before the expiration Redemption Period but was dismissed based on the Debtor's failure to obtain credit counseling.  *See* Case No. 17-14672.  The Debtor filed this case one day after the first case was dismissed.

F.3d at 406, Wheeler argued that it had no "claim" that could be treated in the Debtor's bankruptcy case, and Wheeler was entitled to relief from the automatic stay for "cause" under § 362(d)(1) of the Bankruptcy Code.

15.     The Debtor and the Chapter 7 Trustee each opposed the Stay Relief Motion and filed objections [Dkt. Nos. 39, 46], to which Wheeler filed an omnibus reply [Dkt. No. 65].

16.     Before the Court ruled on the Stay Relief Motion, however, the Debtor moved to convert the bankruptcy case to chapter 13 [Dkt. No. 77], which the Court granted on April 18, 2018 [Dkt. No. 98].

### b.  Chapter 13 Case

17.     On May 2, 2018, the Debtor filed the Plan.  Nowhere does the Plan refer to Wheeler. Instead, the Plan references claims for property taxes that were incurred on the Property and held by the Cook County Treasurer—not Wheeler—in the aggregate amount of $72,411.96.

### Objection

18.     There are at least two material defects in the Plan.

19.     First, the Plan refers only to claims held by the Cook County Treasurer, not Wheeler.  Section 1325(a)(5)(B) of the Bankruptcy Code entitles holders of secured claims that do not accept a chapter 13 plan to receive "the value, as of the effective date of the plan, of property to be distributed under the plan" in an amount "not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B).

20.     In this case, the Plan does not indicate which tax years it purports to pay.  But based on the amounts listed—an aggregate of $72,411.96—the Debtor plainly intends to pay the Cook County Treasurer for the taxes purchased and paid by Wheeler (i.e., 2012, 2013, 2014 and 2015). The Plan thus does not comport with the Wheeler Proof of Claim or the Treasurer Proof of Claim.

4

Wheeler is a secured creditor of the Debtor, *Lamont,* 740 F.3d 397, 404, and Wheeler does not consent to confirmation of the Plan. Wheeler is thus entitled to payments under the Plan that equal "the value, as of the effective date of the plan, of property to be distributed under the Plan" in an amount "not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B). To the extent that the Debtor intends to pay off the Tax Claim held by Wheeler through the Plan, the payments under the Plan must be paid to Wheeler—not the Cook County Treasurer—in an amount equal to the amount of the Tax Claim. 11 U.S.C. § 1325(a)(5)(b).

21.     Second, the amount of the Tax Claim is not the Redemption Amount, but the value of the Property. In *In re Robinson*, this Court held that a debtor could treat a tax claim in a chapter 13 plan, even if the redemption deadline expired before the bankruptcy filing. 577 B.R. 294, 305 (Bankr. N.D. Ill. 2017). The Court explained, however, that "the running of the redemption period prior to the commencement of a bankruptcy case may be meaningful to determining the tax purchaser's bankruptcy claim." *Id.* Citing 11 U.S.C. § 502(b), the Court noted that "claims in bankruptcy are assessed as of the date the bankruptcy case was filed." *Id.*

22.     Illinois law provides that a tax purchaser is entitled to receive a tax deed to the property after the redemption period has expired. *See* 35 ILCS 200/22-40(a). In this case, the Redemption Period passed before the Petition Date, giving Wheeler the right to obtain a tax deed to the Property. The value of the Tax Claim on the Petition Date is thus the value of the Property, which Wheeler believes is over $300,000 (the Plan lists the value of the Property at $272,508.00). The Plan does not pay Wheeler the full value of the Property, but instead purports to pay what appears to be the amount of the unpaid taxes. Under the reasoning set forth in *Robinson*, the Court must deny confirmation of the Plan.

## Conclusion

For all of these reasons, the Court must deny confirmation of the Plan.


Dated: August 8, 2018                                      Respectfully submitted,

                                                           WHEELER FINANCIAL, INC.

                                                           By   */s/ David R. Doyle*
                                                                One of its attorneys

Robert M. Fishman (3124316)
David R. Doyle (6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
rfishman@shawfishman.com
ddoyle@shawfishman.com

6

ACTIVE\61187755.v1-8/8/18